## RIEHL v PENDER

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9471. Decided Nov. 19, 1928.

Morton S. Brockman, Cleveland, for Riehl.

Reuben Shapiro, Cleveland, for Pender.

LEVINE J

In the case of **Stevens vs Times-Star, 72 O S 112,** the court had under consideration a guessing contest instituted by a newspaper company. The question in that case was whether the particular scheme was to be regarded as a lottery and within the condemnaion of the General Code of Ohio against lotteries and schemes of chance. In that case the court defines as to what is meant by a lottery in the following language:

"A lottery is a scheme by which a result is reached by some action or means taken, and in which result man's choice or will has no part, nor can human reason, foresight, sagacity or design enable him to know or determine such results until the same has been accomplished."

"A lottery is a sort of gaming contract by which for a valuable consideration, one may, by favor of the lot, obtain a prize of a value superior to the amount or value of that which he risks."

An enterprise in which the prize is awarded to one in whose favor the most tickets are voted is not a lottery because the element of chance is eliminated. **159 Kentucky p. 80.**

In **Conqueror Trust Co. vs Simmon, 182 Pac. 1098,** it was held that "the sale of merchandise under a contract that provides a scheme or plan to stimulate trade, where tickets are given with purchase of goods at regular prices, and the distribution of prizes is not determined by lot, but are awarded to the persons holding the greatest number of such tickets, representing the greater value of such purchases, in the order of such holdings, for the several prizes so given, is not a lottery and is not illegal, unlawful or void as against any statute or public policy of our State, holding the maker of the note given under such a contract liable thereon."

The holding of the Municipal Court to the effect that these voting coupons which the purchaser of goods in defendant's drug store received, bring the same within the prohibition of the ordinance above quoted, seems to us not tenable and is clearly in conflict with the trend of authority. Only such sales are prohibited by the ordinance as are made through the medium of a game of chance or any plan, device or scheme wherein hazard is a constituent element.

It has been held that it does not lie within the power of legislative authority to prohibit the offering of gifts, prizes and premiums to a purchaser of goods and that any law attempting to prohibit the same is unconstitutional.

In **People vs Gilson, 109 N E Rep 389,** the court held:

"While it is for the legislature to generally determine what laws and regulations are needed to protect the health of the public and serve the public comfort and safety, and the exercise of this discretion in that respect is not the subject of judicial review, yet a statute to be upheld as an exercise of police power must have some relation to those ends The right of property must not be invaded under the guise of police regulation for the protection of health when it is manifest that it is not the subject of the regulation.

The provisions of the Penal Code prohibiting the sale or disposal of any article of food or any offer or attempt to do so upon the representation as a gift, prize, premium or reward to the purchaser is unconstitutional and void. It is violative of the provision of the constitution securing to every person liberty and property unless he is deprived thereof by due process of law or as a health regulation thereof."

We hold that the trial court erred in considering as it did that the plan sold to defendant and for which this cognovit note was given, presented a gambling consideration.

Judgment of Municipal Court will therefore be reversed and the cause remanded for further proceedings according to law.

Vickery J and Sullivan P J, concur.